UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

MICHAEL KRICHEVSKY,

                              Appellant,

      against,

UNITED STATES TRUSTEE; SELECT
PORTFOLIO SERVICING, INC., AS SERVICER
AGENT FOR U.S. BANK NA, SUCCESSOR
TRUSTEE TO BANK OF AMERICA, NA,
SUCCESSOR IN INTEREST TO LASALLE
BANK NA, ON BEHALF OF THE HOLDERS OF
THE WAMU MORTGAGE CREDITORS;
WELLS FARGO BANK, N.A. AS SERVICING
AGENT FOR U.S. BANK NATIONAL
ASSOCIATION, AS TRUSTEE FOR BANC OF
AMERICA FUNDING CORPORATION
MORTGAGE PASS-THROUGH CERTIFICATES,
SERIES 2006-F; and STAN Y. YANG,

                              Appellees.

**MEMORANDUM AND ORDER**
22-cv-5720 (LDH)

---

LASHANN DEARCY HALL, United States District Judge:

    Michael Krichevsky ("Appellant"), proceeding pro se, brings the instant action against the United States Trustee, Select Portfolio Servicing, Inc. ("SPS"), as Servicer Agent for U.S. Bank NA, Successor Trustee to Bank of America, NA, Successor in Interest to Lasalle Bank NA, on Behalf of the Holders of the Wamu Mortgage Creditors, Wells Fargo Bank, N.A. ("Wells Fargo") as Servicing Agent for U.S. Bank National Association, as Trustee For Banc Of America Funding Corporation Mortgage Pass-Through Certificates, Series 2006-F, and Stan Y. Yang, appealing dismissal of his Chapter 11 bankruptcy action with prejudice.

1

## BACKGROUND

This appeal stems from the dismissal of Appellant's Chapter 11 bankruptcy action. (ECF No. 1.) At a hearing held on July 28, 2022, Chief Judge Alan Trust dismissed Appellant's bankruptcy action—after failing to appear at oral argument on the motions to dismiss— because "[t]he Debtor is not serious about his Chapter 11 case." (*Krichevsky*, 8-22-71045-AST, ECF No. 329, 43:2-5 (July 28, 2022 Bankr. E.D.N.Y.).) More specifically, Judge Trust found that cause existed to dismiss the case because of "the Debtor's failure to file a plan of reorganization in three years," his "failure to indicate the presence of any income necessary to fund a plan or reorganization," and "the three real properties that the Debtor had disclosed [] have already had the stay lifted and appeals filed." (*Krichevsky*, 8-22-71045-AST, ECF No. 347, 7:23-8:8 (Aug. 30, 2022 Bankr. E.D.N.Y.).) Still, Judge Trust reserved ruling on whether the case should be dismissed with prejudice until another hearing held on August 30, 2022. After Appellant failed to appear at that hearing as well—despite having received due and adequate notice—Judge Trust "determined that cause exists to dismiss this case with prejudice to refiling under any chapter for two (2) years pursuant to Sections 349 and 105." (*Krichevsky*, 8-22-71045-AST, ECF No. 348.) Appellant appeals notice of Judge Trust's Order for Dismissal with Prejudice. (ECF Nos. 1, 1-4.)

## DISCUSSION

District courts have "jurisdiction to hear appeals . . . from final judgments, orders, and decrees . . . of bankruptcy judges." 28 U.S.C. § 158(a). The bankruptcy court's conclusions of law are reviewed *de novo* and findings of fact are reviewed for clear error. *In re Hyman*, 502 F.3d 61, 65 (2d Cir. 2007). Pursuant to 11 U.S.C. § 1112(b) a bankruptcy court may dismiss a Chapter 11 case "for cause" based on several enumerated grounds, including "substantial or

2

continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation," "failure to comply with an order of the court," "unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter," and "failure to pay any fees or charges required under chapter 123 of title 28." 11 U.S.C. § 1112(b)(4)(A, E, F, K).

Generally, "[b]ankruptcy courts have broad discretion in deciding whether to dismiss a case for cause." *In re Taylor*, No. 97-CV-5967 (HB), 1997 WL 642559, at *3 (S.D.N.Y. Oct. 16, 1997); *see also Hall v. Vance*, 887 F.2d 1041, 1044 (10th Cir. 1989) ("The bankruptcy court has broad discretion under § 1112(b)."). "A bankruptcy court's order dismissing a debtor's case should be overturned only if the debtors establish that the bankruptcy court committed a clear abuse of discretion." *In re Eldorado Canyon Props., LLC*, 505 B.R. 601, 603 (B.A.P. 1st Cir. 2014).

In support of his appeal, Appellant filed a brief asserting a "claim under the Federal Tort Claims Act."[1] (ECF Nos. 6, 11.)[2] Namely, Appellant asserts a "claim against the United States for money damages consisting of personal injury, damages to property and for loss of property" that "occurred within Chapter 11 Bankruptcy Case." (ECF No. 11 at 1.) The brief then goes on to describe an incident on April 28, 2021, where Appellant attempted to "meet and confer regarding discovery" by visiting the home address from counsel to one of the creditor's in Appellant's underlying bankruptcy action. (*Id.* at 4.) After answering the door, counsel exclaimed "oh no" and "hit [Appellant's] right wrist by slamming the door in front of [him]."

---

[1] Although Appellant's brief was due on November 23, 2022, the Court granted an extension of time allowing Appellant to file his brief by March 16, 2023.

[2] Appellant appears to have filed two identical briefs on the docket, the only difference being that one is filed under seal while the other is public.

3

Appellant claims that the incident "caused trauma to my wrist." (*Id.*) Appellant further claims that the Appellees here "jointly contributed damage to my bankruptcy Chapter 11 case, loss of current and future income by conspiring with other wrongdoers to harass me and by resorting to perjury, fabricated documents with my forged signature." (*Id.*)

Rather than submit supporting evidence, Appellant—after being granted a *four month extension* by this Court—filed an entirely irrelevant document titled "Evidence of Distress." (ECF Nos. 6, 11.) In this document, Appellant appears to assert tort claims for the altercation with creditor's counsel. (*Id.*) Appellant also alleges that Appellees, along with several non-parties, "conspired" against him in the Chapter 11 case. (*Id.* at 4.) Although a court must read pro se pleadings liberally to construe the strongest arguments they suggest, *McPherson v. Coombe*, 174 F.3d 276,280 (2d Cir. 1999), Appellant's brief fails entirely to support his bankruptcy appeal, let alone to "establish that the bankruptcy court committed a clear abuse of discretion." *Eldorado*, 505 B.R. at 603.

Based on the record, the Court finds no evidence contradicting Judge Trust's findings of cause to dismiss Appellant's case. Absent contradictory evidence, the Court declines to disturb Judge Trust's dismissal of Appellant's bankruptcy case with prejudice. In fact, the insufficiency of Appellant's brief here only reinforces Judge Trust's finding that Appellant was "not serious about his Chapter 11 case." (*Krichevsky*, 8-22-71045-ast, ECF No. 329, 43:2-5 (August 1, 2022 Bankr. E.D.N.Y.).) And the fact that appellant is pro se does not alter this analysis. *See In re Bristol*, No. 09-CV-1683 JFB, 2010 WL 1223053, at *2 (E.D.N.Y. Mar. 24, 2010) (dismissing pro se bankruptcy appeal where "plaintiff's indifference to the prosecution of this appeal and pattern of disregarding the Court's Orders for many months are willful and in bad faith").

Accordingly, the Court affirms dismissal of Appellant's bankruptcy action and dismisses the instant appeal.

## CONCLUSION

For the foregoing reasons, Appellant's bankruptcy appeal is DENIED and the finding of the bankruptcy court AFFIRMED.  The Clerk of Court is respectfully directed to mail a copy of this Order to Appellant's last known address and close this appeal.

                        SO ORDERED.

Dated: Brooklyn, New York                  /s/ LDH
       September 29, 2023                  LaSHANN DeARCY HALL
                                           United States District Judge